IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

D. LONG, individually and on behalf
of all others similarly situated,

          Plaintiff,          OPINION AND ORDER

v.

                                    15-cv-81-wmc

EPIC SYSTEMS CORPORATION,

          Defendant.

---

      Plaintiff D. Long brought this lawsuit under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, and Wisconsin overtime compensation laws, contending that defendant Epic Systems Corporation misclassified her and other technical writers as exempt from the requirements of those laws. The court certified a collective action under 29 U.S.C. § 216(b) with respect to plaintiff's FLSA claim; plaintiff did not seek to represent a class with respect to her state law claims. Dkt. #102.

      Now the parties have filed what they call a stipulation of dismissal under Fed. R. Civ. P. 41, presumably because the parties have settled the case. (In documents filed in a companion case, the parties stated that "on September 22, 2016, the parties reached a settlement in principle in the *Long* matter." *Lewis v. Epic Systems Corporation*, No. 15-cv-82-bbc (W.D. Wis.), dkt. #95 at 2-3.) While this submission moots the necessity of a status conference scheduled for this Wednesday, January 11, 2017, this court has generally required court approval for any settlement of a collective action under the FLSA. *E.g., Armstrong v. Wasatch Home Services, LLC,* No. 12-cv-199-wmc (W.D. Wis.). In particular, the court has adopted the view that it must review the settlement to make sure that its terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA

provisions" and reflect a "compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *see also Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) (explaining the reason why court approval is necessary in FLSA settlements).

The parties' one-page stipulation of dismissal provides no basis for assessing the fairness of the settlement. As such, the court orders the parties to submit the following information:

1) representations, either stipulated or submitted separately by the parties, as to the nature of the parties' dispute and efforts to resolve the dispute;

2) the method used to calculate the settlement amount proposed for each opt-in plaintiff; and

3) the proposed fee award, if any, and the actual time and expense records for plaintiffs' counsel in this matter.

ORDER

IT IS ORDERED that the status conference scheduled for January 11, 2017, is STRICKEN. Instead, the parties shall submit the requested information detailed above in support of their settlement by January 24, 2017, or show cause why they should not be required to do so.

Entered this 9th day of January, 2017.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge