UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

LONG, D.,
individually and on behalf of all
others similarly situated,

        Plaintiffs,

v.          Case No. 3:15-cv-00081

EPIC SYSTEMS CORPORATION,

        Defendant.

**RESPONSE ON ORDER TO SHOW CAUSE WHY THE PARTIES SHOULD NOT BE REQUIRED TO FILE BRIEF IN SUPPORT OF SETTLEMENT**

Defendant Epic Systems Corporation, with the concurrence of Plaintiffs, states as follows why the parties should not be required to submit the information requested by the Court on the stipulation to dismiss (Dkt. #105):

1.    As the Court assumes, the parties did in fact file their stipulation to dismiss this case because they reached an amicable settlement.

2.    Epic assures the Court that the confidential settlement at which the parties arrived was negotiated through four demands or counter-demands, and four counter-offers, was individually signed and consented to by plaintiff and each opt-in plaintiff (as opposed to counsel or the named plaintiff binding the opt-in plaintiffs), and that each plaintiff/opt-in plaintiff's monetary relief was determined as a percentage of their potential recovery (the percentage of which was the subject of the parties' demands, counter-offers, and counter-demands).

3.    Confidentiality of the terms of that settlement is a material term of that settlement, particularly because the parties are continuing to litigate what the Court has referred to as the

36791907v.3

"companion case" of *Lewis v. Epic Systems Corporation*, No. 15-cv-82.  Accordingly, the parties cannot reveal the financial terms of that settlement in this pleading.

4. Epic is aware of *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945) and the effect it may have on a release or waiver of a Fair Labor Standards Act claim that is not approved by the Court.  But neither Epic nor Plaintiffs are seeking to have the Court approve this settlement and they are not seeking to enforce a settlement (and appreciate that they may not be able to do so under *Brooklyn Savings Bank*).  Rather, the parties merely seek dismissal with prejudice under Rule 41, which is not governed by *Brooklyn Savings Bank* and the authorities citing it.

5. If the explanation provided in this pleading does not answer the Court's questions, Epic, with the agreement of Plaintiffs, request that the parties be allowed to discuss their positions on this issue in a telephonic hearing with the Court.

Wherefore, based on the foregoing, Epic respectfully requests that the Court enter the stipulation to dismiss that the parties had submitted or, in the alternative schedule a telephonic hearing to further discuss the issue.

**Dated: January 24, 2017**                                  Respectfully submitted,

                                                                           EPIC SYSTEMS CORPORATION

                                                                           By s/ Noah Finkel
                                                                            One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Andrew Scroggins (ascroggins@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603
(312) 460-5000

36791907v.3

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on January 24, 2017 he caused a true and correct copy of the foregoing to be served upon the following counsel of record via the Court's electronic filing system:

>William Parsons
>wparsons@hq-law.com
>David C. Zoeller
>dzoeller@hq-law.com
>Caitlin M. Madden
>cmadden@hq-law.com
>Hawks Quindel, S.C.
>222 West Washington Avenue, Suite 450
>Madison, Wisconsin 53701-2155
>
>Daniel A. Rottier
>rottier@habush.com
>Jason Knutson
>jknutson@habush.com
>Breanne L. Snapp
>bsnapp@Habush.com
>Habush Habush & Rottier, S.C.
>150 East Gilman Street, Ste. 2000
>Madison, Wisconsin 53701

                                           s/ Noah Finkel

36791907v.3